**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| Taniya Davis; and Troy McCoy | CIVIL NO: **25-cv-1412** |
| Plaintiffs | Plaintiffs Demand Trial by Jury |
| v. | |
| Hilton Worldwide International Puerto Rico, LLC Dba Double Tree by Hilton San Juan; John Doe; Richard Roe; Unknown Insurance Company; Insurance Companies A, B and C | |
| Defendants | |

**COMPLAINT**

**TO THE HONORABLE COURT:**

**COMES NOW** Plaintiffs, Taniya Davis and Troy McCoy on their personal behalf through the undersigned attorney, and very respectfully state, allege and pray as follows:

I.    <u>**PARTIES**</u>

1. Co-Plaintiff, Taniya Davis (hereinafter "Ms. Davis") is a U.S. citizen residing in New York, USA. Ms. Davis is the girlfriend of Mr. Troy McCoy.

2. Co-Plaintiff Troy McCoy is a U.S. citizen residing in New York, USA.

3. Co-Defendant Hilton International of Puerto Rico, LLC dba Double Tree Hilton San Juan is a limited liability corporation organized under the laws of Delaware, USA, authorized

1

to do business in the Commonwealth of Puerto Rico with a resident agent in Humacao, Puerto Rico.

4. Defendants John Doe and Richard Roe are unknown person(s) and/or legal entities organized and existing under the laws of Puerto Rico with its principal place of business in this jurisdiction, whose acts and omissions were the cause of plaintiffs' injuries and damages. Defendants are designated with a fictitious name because its correct name is unknown at the present. Plaintiffs would move accordingly with an amended complaint once their real names are known.

5. Co-Defendants: Unknown Insurance Company and Insurance Companies A, B, and C are unknown insurance companies organized and doing business in Puerto Rico, that by information and belief provide insurance coverage to Hilton International of Puerto Rico, LLC and/or any other tortfeasor for the events herein described. Defendants are designated with a fictitious name(s) because their correct name is unknown at the present. Plaintiffs would move accordingly with an amended complaint once their real names are known.

## II.    <u>JURISDICTION AND VENUE</u>

6.    This Court has jurisdiction under 28 U.S.C. § 1332 (a) because the parties are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

7.    Supplemental jurisdiction is proper under 28 U.S.C. § 1367 for the related state law claims.

8.    Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b), as the events

giving rise to this claim occurred in the District of Puerto Rico.

### III.    FACTUAL ALLEGATIONS

9.    On February 14th, 2025, at around 1:00 am-1:30 am, Taniya Davis and Troy McCoy checked into the Double Tree Hotel in San Juan as part of a trip to P.R. from February 13 to February 16, 2025.

10.    They stayed on the fourth floor of the hotel.

11.    At around 2:00 am. Ms. Davis and Mr. McCoy took a shower.

12.    After they got out of the shower for less than an hour, both Ms. Davis and Mr. McCoy started to feel dizzy and sick with nausea, headaches and shortness of breath. However, they did not pay much attention to it.  At around 3:00 am to 4:00am, Ms. Davis woke up to use the bathroom, however, when she walked to the bathroom, she couldn't even use it because she was almost unable to squat down and use the toilet as she felt extremely dizzy.

13.    Once she got up to walk back to the bed, she felt extremely dizzy and confused and fell as soon as she got to the edge of the bed. Shortly thereafter, she yelled to her boyfriend that she didn't feel well, and he tried his best to help her back in bed because Ms. Davis was not feeling well.

14.    As Mr. McCoy started to get Ms. Davis back into the bed, he started to feel sicker, threw up, and fell down hitting his head.

15.    At that point, Mr. McCoy felt weak and crawled to get his asthma pump and got some water, but he dozed back off to sleep.

16.    Around 7am Ms. Davis got him up and told him that she threw up. Also, she told Mr. McCoy that she can't move and wants to go home.

17.    At that time, both woke up to an alarm. Mr. McCoy made his way downstairs

3

to see what the noise was about. Shortly thereafter, he returned to the room, telling Ms. Davis that they must leave the room immediately. After inquiring about the situation, his boyfriend told Ms. Davis that people downstairs were sick and evacuating the hotel.

18.   Furthermore, Mr. McCoy told to Ms. Davis that they have to get dressed fast, and that there's a police officer outside the room that he made follow him upstairs to help Ms. Davis evacuate. Thereafter, Ms. Davis slowly got out of the bed and tried to get dressed, after that she passed out. Shortly thereafter, Ms. Davis tried to walk out the room after getting dressed and she passed out on the floor and had to be carried downstairs by her boyfriend and the police officer.

19.   Once downstairs in the lobby, Ms. Davis regained consciousness and was placed in a wheelchair and taken outside the hotel with the rest of the guests and staff.

20.   At that time, there were ambulances at the location that asked if they needed to go to the hospital. Ms. Davis and Mr. McCoy were transported to the Ashford Hospital emergency room in San Juan, Puerto Rico.

21.   In the emergency room, Ms. Davis was informed they had been exposed to a gaseous substance.

22.   Ms. Davis and Mr. McCoy were exposed to carbon monoxide inhalation caused by a gas leak in the Double Tree Hotel in San Juan, Puerto Rico.

23.   As a result of this exposure, the Plaintiffs have suffered severe physical damage, emotional traumas, distress and agony, including symptoms like PTSD.

24.   Defendants knew or should have known of the aforementioned gas leak yet failed to properly inspect their facilities and the use of defective and hazardous piping.

25.   As a direct and proximate result of Defendants' negligence, Plaintiffs sustained serious injuries, including but not limited to headaches, nausea, dizziness,

traumas, elevated levels of troponin, PTSD and anxiety.

26.   Plaintiffs are still suffering from the injuries and trauma caused by the Defendants' negligence.

27.   Plaintiffs have a cause of action under Puerto Rico law for tortious action under article 1536 of the Puerto Rico Civil Code (31 L.P.R.A. § 10801).

## IV.    CAUSE OF ACTION

### Count I:  Negligence

28.   Plaintiffs repeat and reallege paragraphs 1 to 27 of the complaint as if fully set forth herein.

29.   Article 1536 of the Puerto Rico Civil Code provides a general statute to tortious actions or omissions. P.R. Laws Ann. Tit. 31 § 10801. This article provides, in pertinent part, the following: "[a] person who by an act or omission causes damage to another through fault or negligence shall be obliged to repair the damage so done.

30.   Plaintiffs' damages were caused due to the failure of Defendants to inspect their piping conditions and the use of dangerous piping and/or appurtenance.

31.   Defendants also failed to install proper and functioning carbon monoxide detectors in their rooms, allowed old and defective piping in their premises, failed to train maintenance personnel, failed to implement preventive periodic inspections, to replace existing defective pipes, and to provide adequate training.

32.   Defendants also failed by allowing the installation of products that release dangerous levels of carbon monoxide.

33.   Defendants allow dangerous levels of carbon monoxide in their premises without informing their guest with sufficient notice to avoid the damage.

34.   At all times herein, defendants were on notice of the dangerous premises but

failed to act as a prudent person.

35.    Defendants failed to comply with the standards and industry codes.

36.    Defendants used products like pipes in their premises in an inappropriate and unsafe manner that constitutes a serious risk to life.

37.    The lack of code-compliance and the poor maintenance and attention of Double Tree Hotel San Juan to their piping system, and carbon monoxide protocols is considered a hazardous condition, which was the direct cause of the illness and symptoms suffered by Plaintiffs.

38.    The unsafe conditions created by Double Tree and defendants for their failure to attend, repair and/or manage their carbon monoxide leak and/or issue accordingly without risking the life and health of plaintiffs despite being on notice of the dangerous conditions, does not meet the required building codes, protocols, nor industry standards this type of emergency, that request a prompt and immediate action by defendants.

39.    The lack of building code and regulation compliance of Double Tree Hotel in San Juan constitute Negligence Per Sé and a breach of duty to meet building safety standards.

40.    As a result of the carbon monoxide exposure caused by the negligence of the Defendants, Plaintiff Ms. Davis  suffered headaches; chest pain; alteration to the respiratory system, inhalation of harmful substance; exposure to harmful gaseous substance; emotional distress; mental anguish; psychological damage of a permanent nature; throw up; persistent grief with post-traumatic features; diagnosed with PTSD; loss of companionship and affection; loss of enjoyment of life; carbon monoxide inhalation; medical visits; psychiatrists and psychological therapies; head trauma; loss of consciousness; visit to emergency room; among others.

41.   As a result of the carbon monoxide exposure caused by the negligence of the Defendants, Plaintiff Mr. McCoy  suffered headaches; alteration to the respiratory system; inhalation of harmful substance; exposure to harmful gaseous substance; emotional distress; mental anguish; psychological damage of a permanent nature; persistent grief with post-traumatic features; loss of companionship and affection; loss of enjoyment of life; carbon monoxide inhalation; medical visits; visit to emergency room; among others.

42.   Defendants owed a duty of care to maintain the premises in a reasonably safe condition for guests.

43.   Defendants breached that duty by failing to maintain, inspect, repair, or warn of the dangerous condition.

44.   As a direct result, Plaintiffs suffered severe physical and moral damage, for which Plaintiffs are entitled to damages.

45.   All co-defendants are jointly and severally liable under Article 1536 and 1540 of the Civil Code of Puerto Rico.

**COUNT II – VICARIOUS LIABILITY / SUPERVISORY NEGLIGENCE**

46.   Plaintiffs repeat and realleges paragraphs 1 to 45 of the complaint as if set for a length herein.

47.   Defendants are vicariously liable for the acts or omissions of their employees, personnel and agents under the doctrine of respondent superior.

48.   Defendants failed to properly maintain and supervise their premises, and failed to train maintenance personnel, failed to implement preventive periodic inspections, and fail to hire personnel to perform works and repairs according to codes and by failing to do so caused damages to plaintiffs as alleged herein.

49.   As a direct result, Plaintiffs suffered severe physical and moral damage, for

which Plaintiffs are entitled to damages.

50.  All co-defendants are jointly and severally liable under Article 1536 and 1540 of the Civil Code of Puerto Rico.

**COUNT III – DIRECT ACTION AGAINST UNKKNOWN INSURERS (23 LPRA § 2003)**

51.  Plaintiffs repeat and reallege paragraphs 1 to 50 of the complaint as if set for a length herein.

52. Pursuant to Puerto Rico's Direct-Action Statute, Plaintiffs assert claims directly against co-Defendant's insurance Unknown Insurance, and Insurance Companies A, B and C carriers for coverage of all damages alleged.

53.  Pursuant to Article 20.030 of the Puerto Rico Insurance Code, P.R. Laws Ann. Title. 26, 2003, Plaintiffs have a Direct cause of Action against the insurer of the defendants and unknown tortfeasors at this time and not named in this Complaint.

54. At all times pertinent to this action, defendants Unknown Insurance Company and Insurance Company A, B and C had in full force and effect an insurance policy covering the legal liability of UNKNOWN TORTFEARS and /or defendants for the acts and omissions claimed herein. Pursuant to the applicable law, they are jointly and severally liable with its insured, their agents and/or employees for their negligent acts and omissions.

55.  All of the named defendants are jointly and severally liable to the Plaintiffs for the damages claim in this case.

## V.    <u>DAMAGES</u>

56.   Plaintiffs repeat and reallege paragraphs 1 to 55 of the complaint as if set for a length herein.

57.  As a direct and proximate cause of defendants' negligence and omissions,

Ms. Davis suffered physical and moral damage from the exposure suffered described below, and ongoing suffering, including but not limited to:

  a.  headaches;

  b.  chest pain;

  c.  throwing up;

  d.  sadness;

  e.  passed out;

  f.  loss of consciousness;

  g.  dizziness;

  h.  shortness of breath;

  i.  alteration to the respiratory system;

  j.  carbon monoxide inhalation;

  k.  inhalation of harmful substance;

  l.  exposure to gaseous substance;

  m.  fainted on two occasions;

  n.  ambulance transportation to the ER;

  o.  emotional distress;

  p.  mental anguish;

  q.  psychological damage;

  r.  persistent grief;

  s.  Post Traumatic Stress Disorder;

  t.  loss of companionship and affection;

  u.  loss of enjoyment of life;

  v.  psychiatric and psychological therapies;

    w.  visit to emergency room;

    x.  transportation by ambulance to Emergency Room; and

    y.  Medical assistance in emergency room.

58.    As a direct and proximate cause of defendants' negligence and omissions, Mr. McCoy suffered physical and moral damage from the exposure suffered described below, and ongoing suffering, including but not limited to:

    a.  headaches;

    b.  sadness;

    c.  dizziness;

    d.  shortness of breath;

    e.  alteration to the respiratory system;

    f.  carbon monoxide inhalation;

    g.  inhalation of harmful substance;

    h.  exposure to gaseous substance;

    i.  ambulance transportation to the ER;

    j.  emotional distress;

    k.  mental anguish;

    l.  psychological damage;

    m.  persistent grief;

    n.  Post Traumatic Stress Disorder;

    o.  loss of companionship and affection;

    p.  loss of enjoyment of life;

    q.  visit to emergency room;

    r.  transportation by ambulance to Emergency Room;

     s.  Medical assistance in emergency room;

59.  The damages suffered by Plaintiffs are a direct and proximate cause of Defendants' fault, negligence and omissions.

60.  As a direct result of defendants' negligence, Plaintiff Ms. Davis seeks compensatory damages for physical damages in an amount not less than **ONE MILLION DOLLARS ($1,000,000.00)**.

61.  As a direct result of defendants' negligence, Plaintiff Mr. McCoy seeks compensatory damages for physical damages in an amount not less than **ONE MILLION DOLLARS ($1,000,000.00)**.

62.  The Damages for emotional distress; pain and agony and loss of consortium suffered by each Plaintiff in the amount as follows:

     a.  **Taniya Davis,** not less than FIVE HUNDRED THOUSAND DOLLARS ($500,000.00)

     b.  **Troy McCoy** Compson no less than FIVE HUNDRED THOUSAND DOLLARS ($500,000.00)

63.  Defendants are jointly and severally liable for these damages pursuant to Article 1163 (31 L.P.R.A. § 9315).

## VI. PUNITIVE DAMAGES

64.  The preceding paragraphs are incorporated as if fully set forth herein.

65.  Defendants' egregious misconduct and reckless disregard for safety caused plaintiffs' damages as they knew and/or should have known about the dangerous conditions on their premises but failed to take reasonable acts and avoid the damages caused to Plaintiffs.

66.  Defendant's deviation to standards, codes, regulations and safety and

maintenance and operating standards and good practice in their premises demonstrate the requisite intent and malice to justify punitive damages under Puerto Rico law.

67.    Thus, plaintiffs respectfully request an award of such damages in an amount not less than One Million Dollars **$1,000,000.00** for each Plaintiff as an award that deemed appropriate by the Court and jury.

## VII. JURY TRIAL DEMANDED

68.    Plaintiffs incorporate each allegation set forth above as if fully set forth herein in their entirety.

69.    Plaintiffs demand **a trial by jury.**

**WHEREFORE**, Plaintiffs Taniyia Davis and Troy McCoy pray that, after due proceedings, the Court grants the Complaint and enters judgment in their favor and against all defendants jointly and severally, granting the damages claimed herein, and taxing a reasonable amount for attorney's fees, costs of these proceedings, and any other equitable relief.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this 4th day of August of 2025.

**Charles Gomez Law Office, LLC**
P.O. Box 1360
Trujillo Alto, P.R. 00977
Tel. (787)-662-0178
Fax. (787)-724-6780

*Francisco L. Charles*

*/s/ Francisco L. Charles*
USDC-PR-303211

13